CHARLES N. SHEPHARD (SBN 078129)
CShephard@ggfirm.com
VISHWANATH MOHAN (SBN 313759)
VMohan@ggfirm.com
EMILY AVAZIAN (SBN 341417)
EAvazian@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendant
RATPAC ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAT PACK FILMPRODUKTION GMBH, a German limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RATPAC ENTERTAINMENT, LLC, a Delaware limited liability company; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-04790-MEMF-AS<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Request for Judicial Notice and [Proposed] Order filed concurrently herewith]<br><br>Date: November 9, 2023<br>Time: 10:00 a.m.<br>Crtrm: 8B<br><br>Complaint Filed: June 19, 2023 |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 9, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8B of the above-entitled Court, located at 350 W. First St., Los Angeles, California, 90012, Defendant Ratpac Entertainment, LLC ("Ratpac') will, and hereby does, move to dismiss the Complaint of Plaintiff Rat Pack Filmproduktion, GMBH, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) and on the ground of *forum non conveniens*.

In particular, the first cause of action (for violation of the Lanham Act) and the second cause of action (for violation of California Business and Professions Code § 17200) should be dismissed because they fail to state a claim as the claims asserted are barred by laches. The third, fourth, and fifth causes of action for False Designation of Origin [Austria], False Designation of Origin [the Netherlands] and False Designation of Origin [Denmark], respectively, should be dismissed on the ground of *forum non conveniens*.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, any reply papers that may be filed, and on such further oral or documentary evidence that may be presented at or before the hearing on this matter.

Please take further notice that Ratpac will join in whatever motion to dismiss co-defendant Warner Bros. Entertainment, LLC may make.

This Motion is made following a conference between counsel pursuant to Local Rule 7-3, which took place on August 15, 2023.

DATED: August 24, 2023

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By:    */s/ Charles N. Shephard*
CHARLES N. SHEPHARD
Attorneys for Defendant
RATPAC ENTERTAINMENT, LLC

73468-00034/4906602.5

2

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................ 6

II.   STATEMENT OF FACTS ................................................................................. 7

III.  SUMMARY OF ARGUMENT ......................................................................... 10

IV.   THE LANHAM ACT AND UNFAIR COMPETITION CLAIMS ARE
      BARRED BY LACHES ..................................................................................... 11

      A.   Claims Can Be Dismissed at The Pleading Stage Because of Laches ........ 11

      B.   Plaintiff Knew About Its Claims In 2014 ..................................................... 12

      C.   Plaintiff's Claims Are Presumptively Barred by Laches ............................. 14

      D.   Plaintiff's Nine-Year Delay in Bringing Suit Is Unreasonable .................. 15

      E.   Ratpac Has Suffered Prejudice Due to Plaintiff's Delay ............................ 17

      F.   The Second Cause of Action, For State Unfair Competition, Is Also
           Barred by Laches ......................................................................................... 18

V.    THE THIRD, FOURTH, AND FIFTH CAUSES OF ACTION SHOULD
      BE DISMISSED BECAUSE OF FORUM NON CONVENIENS ..................... 18

      A.   Applicable Standard ..................................................................................... 18

      B.   Plaintiff Has Adequate Alternative Forums to Litigate Its Austrian,
           Netherlands And Denmark Claims ............................................................... 19

      C.   The Balance of Public and Private Interest Factors Clearly Favors
           Dismissal ...................................................................................................... 21

           1.   Public Interest Factors ......................................................................... 21

           2.   Private Interest Factors ........................................................................ 24

      D.   Plaintiff's Alleged Justification for Litigating in Los Angeles Is
           Unavailing ..................................................................................................... 27

VI.   CONCLUSION .................................................................................................. 28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ariz. Minority Coal. for Fair Redistricting v. Ariz. Indep. Redistricting Comm'n,*
366 F. Supp. 2d 887 (D. Ariz. 2005).................................................................. 12

*Ayco Farms, Inc. v. Ochoa,*
862 F.3d 945 (9th Cir. 2017)............................................................................. 22

*Coughlin v. Ryder,*
260 F. Supp. 256 (E.D. Pa. 1966) ..................................................................... 13

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.,*
61 F.3d 696 (9th Cir. 1995)........................................................................ 22, 25

*Danjaq LLC v. Sony Corp.,*
263 F.3d 942 (9th Cir. 2001)............................................................................. 13

*Fitbug Ltd. v. Fitbit, Inc.,*
78 F. Supp. 3d 1180 (N.D. Cal. 2015) ..................................................... 13, 15, 16

*Grupo Gigante Sa De CV v. Dallo & Co. Inc.,*
391 F.3d 1088 (9th Cir. 2004)..................................................................... 18, 22

*Gulf Oil Corp. v. Gilbert,*
330 U.S. 501 (1947).......................................................................................... 24

*Harman Int'l Indus., Inc. v. Jem Accessories, Inc.,*
No. 2:20-CV-08222-AB-SKX, 2023 WL 2942991 (C.D. Cal. Apr. 10, 2023) ...................... 18

*Harp v. Airblue Ltd.,*
879 F. Supp. 2d 1069 (C.D. Cal. 2012)................................................... 22, 23, 27, 28

*Henryhand v. Dorel Juv. Grp., Inc.,*
No. CV1700180SJOAGRX, 2017 WL 7806591 (C.D. Cal. Dec. 4, 2017)............................ 9

*Huthart v. News Corp.,*
No. CV1304253MWFAJWX, 2014 WL 12577175 (C.D. Cal. May 21, 2014) .............. 22, 27

*In re Air Crash Over Mid-Atl. on June 1, 2009,*
760 F. Supp. 2d 832 (N.D. Cal. 2010) ................................................................ 23

*In re Air Crash Over Taiwan Straits on May 25, 2002,*
331 F. Supp. 2d 1176 (C.D. Cal. 2004)............................................................... 24

*Ingrid & Isabel, LLC v. Baby Be Mine, LLC,*
70 F. Supp. 3d 1105 (N.D. Cal. 2014) ................................................................ 19

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.,*
304 F.3d 829 (9th Cir. 2002)........................................................................ passim

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

4

NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

# TABLE OF AUTHORITIES
(continued)

**Page**

*Landrum v. Tyson,*
No. CV 10-4795-VBF(RCX), 2011 WL 13217114 (C.D. Cal. May 16, 2011).......... 12, 16, 18

*Leetsch v. Freedman,*
260 F.3d 1100 (9th Cir. 2001)................................................................................ 22, 23

*Lueck v. Sundstrand Corp.,*
236 F.3d 1137 (9th Cir. 2001)............................................................. 19, 20, 22, 25

*Miller v. Glenn Miller Prods., Inc.,*
454 F.3d 975 (9th Cir. 2006)............................................................................ 18

*Pinkette Clothing, Inc. v. Cosmetic Warriors, Ltd.,*
894 F. 3d 1015 (9th Cir. 2018)................................................... 14, 15, 16, 17

*Piper Aircraft Co. v. Reyno,*
454 U.S. 235 (1981)............................................................................ 20

*Prudential Ins. Co. v. Gibralter Fin. Corp.,*
694 F.2d 1150 (9th Cir. 1982)......................................................... 25

*Russell v. Thomas,*
129 F. Supp. 605 (S.D. Cal. 1955)................................................ 12

*Solow Bldg. Co., LLC v. Nine W. Grp., Inc.,*
No. 00 CIV. 7685 (DC), 2001 WL 736794 (S.D.N.Y. June 29, 2001), *aff'd sub nom.*
*Solow Bldg. Co., LLC. v. Nine W. Grp., Inc.*, 48 F. App'x 15 (2d Cir. 2002)....................... 12

*Strauss v. Angie's List, Inc.,*
No. 217CV02560HLTTJJ, 2019 WL 399910 (D. Kan. Jan. 31, 2019) .............................. 13

*Tuazon v. R.J. Reynolds Tobacco Co.,*
433 F.3d 1163 (9th Cir. 2006)................................................................. 20, 21, 23

*Van Schijndel v. Boeing Co.,*
434 F. Supp. 2d 766 (C.D. Cal. 2006)........................................................... 24

*Wamai v. Indus. Bank of Korea,*
Case No. 21-1956-cv 2023 WL 2395675 (2d Cir. 2023)..................................... 27

**STATUTES**

15 U.S.C. § 1072................................................................................................. 14

California Business and Professions Code § 17200................................... 2, 8, 10, 19

California Code of Civil Procedure Section 337....................................................... 15

Lanham Act, 15 U.S.C. § 1125(a)......................................................................... 7

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **INTRODUCTION**

Defendant Ratpac Entertainment, LLC ("Ratpac") moves to dismiss the Complaint filed by Plaintiff Rat Pack Filmproduktion, GMBH ("Plaintiff").  This action is a frivolous and stale adjunct to a series of legal proceedings between the parties that have been on-going in Europe since 2014.  The Complaint asserts a claim under the Lanham Act, 15 U.S.C. § 1125(a), and a related state law claim for unfair competition, both of which could have been brought nine years ago and on the face of the pleading are barred by laches.  Further, the Complaint asserts three false designation of origin claims based on alleged violations of the trademark laws of Austria, the Netherlands, and Denmark, flowing out of actions allegedly occurring in those three European countries (the "Foreign Claims").  The Foreign Claims have absolutely no business being litigated in this Court and should be dismissed on the basis of *forum non conveniens*.

As described in greater detail below, and as alleged in the Complaint, Plaintiff is a German motion picture production company.  While it has never produced any films in the United States, certain of its films have been exhibited in the United States and can be watched on streaming services such as Netflix.  Plaintiff has no registered trademark of any kind in the United States.  Defendant Ratpac is a Los Angeles based film finance company formed in 2013.  It provides financing to motion picture studios to enable the studios to produce big budget motion pictures.  Ratpac's trade name is based on a combination of the first syllable of the last names of its two principals—Brett Ratner and James Packer.  Ratpac has registered trademarks in the Ratpac name in the United States and throughout Europe.

Beginning in or around 2014, Plaintiff filed a series of legal proceedings in Europe seeking to cancel Ratpac's European trademarks and opposing Ratpac's European trademark applications.  Plaintiff asserts in the Complaint that it prevailed in certain of these proceedings in Austria, the Netherlands, and Denmark.  Plaintiff fails to state, despite being acutely aware of it, that it LOST in such proceedings that it brought in its

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

73468-00034/4906602.5

6

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

home country, Germany.  In any event, despite nine years of extensive legal proceedings in Europe, Plaintiff brought no legal action against Ratpac in the United States—until now.

In its Complaint, filed on June 19, 2023, Plaintiff has alleged five causes of action:

1.     A claim for violation of the Lanham Act—asserting that Ratpac's use of its Ratpac trademark in the United States violates Plaintiff's unregistered Rat Pack trademark;

2.     A duplicative state law claim for unfair competition under California Business and Professions Code section 17200; and

3.     The three Foreign Claims.

All the claims should be dismissed.  The first two should be dismissed on the ground of laches because both could have been brought nine years ago as is apparent on the face of the Complaint.  The Foreign Claims should be dismissed based on *forum non conveniens*.  There is absolutely no reason whatsoever for claims of infringement of foreign trademarks, based on acts occurring in foreign countries, and requiring the application of foreign law, to be litigated in this Court.

In addition to the foregoing, Ratpac understands that co-defendant Warner Bros. Entertainment, Inc. ("Warner Bros.") will also be filing a motion to dismiss on similar and/or different grounds.  Ratpac joins in the motion filed by Warner Bros.

## II.     STATEMENT OF FACTS

The relevant facts, as alleged in the Complaint, are as follows:

Plaintiff is a German motion picture producer.  Compl., ⁋10.  Some of its films have been released in the United States and can be seen on streaming services such as Netflix.  *Id.*, ⁋ 11.  Plaintiff does not allege that it ever produced a film in the United States; it only alleges that its German produced films are distributed in and can be viewed in the United States.  *Id*.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

Plaintiff's Rat Pack trademark is not unique.  Nor did Plaintiff create or originate the mark.  Rather, as Plaintiff concedes, the Rat Pack name was previously very well known in the entertainment world.  "The original 'rat pack' was an informal group of A-list Hollywood Actors . . . During the 1960's members of the 'rat pack' included Frank Sinatra, Dean Martin, Sammy Davis, Jr., Joey Bishop and Peter Lawford."  Compl., ⁋ 12

Plaintiff registered the Rat Pack mark in Germany in 2002, but never registered it as a trademark in the United States.  Compl., ⁋ 13.

Defendant Ratpac, a Los Angeles based company, was created in 2013 to provide film financing to motion picture studios.  Compl., ⁋⁋ 2, 13.  Its name is a combination of the surnames of its two founders—Brett Ratner and James Packer.  *Id.*, ⁋ 13.  Over the years, Ratpac invested around $450 million in films produced by co-defendant Warner Bros.  *Id.*, ⁋ 14.  Ratpac has been using its Ratpac trademark in the United States on films it has financed since 2013.  *Id.*  Ratpac applied for registration of its Ratpac trademark in the United States in 2014 and obtained a registration of its Ratpac trademark in the United States in 2016.  *See* Ratpac's Request for Judicial Notice ("RJN"), Exs. A, B.[1]

Beginning in 2014, Ratpac registered the trademark to and in its name in various countries in Europe, including in Austria (2015), the Netherlands (2015), and Denmark (2014).  Compl., ⁋⁋ 15, 16, 19, 22.

In response to Ratpac's European trademark registrations, Plaintiff filed trademark cancellation proceedings in Austria and the Netherlands, opposed Ratpac's trademark applications in Denmark, and alleges to have prevailed in those proceedings – thereby cancelling, in part, Ratpac's trademarks in the Austria and the Netherlands and preventing, in part, the registration of Ratpac's trademark in Denmark.  Compl., ⁋⁋ 17, 20 23.

---

[1]    In ruling on a motion under FRCP 12(b)(6), the Court can consider "matters of judicial notice."  *Henryhand v. Dorel Juv. Grp., Inc.*, No. CV1700180SJOAGRX, 2017 WL 7806591, at *4 (C.D. Cal. Dec. 4, 2017).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

73468-00034/4906602.5

8

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Although not germane to this motion, it should be noted that Plaintiff also filed trademark cancellation proceedings against Ratpac in Plaintiff's home country of Germany and LOST. By referring to what happened in Austria, the Netherlands and Denmark, but intentionally not stating what happened in Germany, Plaintiff presents a misleading statement of facts to the Court. That said, the fact that Plaintiff lost when it sought to cancel Ratpac's trademark in Germany is not at issue in this motion.

Plaintiff has attached to the Complaint what it claims to be translations of the opinions of those judicial bodies that ruled in its favor in Austria, the Netherlands, and Denmark, and cites to comments made by those bodies relating to whether the two marks will create a likelihood of confusion under the respective laws of the three European countries. Compl., ¶¶ 18, 21, 23 and Exs. A, B, C.

The issues being adjudicated in Austria, the Netherlands, and Denmark were trademark cancellation or opposition proceedings. Compl., ¶¶ 18, 21, 23 and Exs. A, B, C. They were not affirmative claims seeking a determination that Ratpac had engaged in any infringing conduct.[2]

Based on the foregoing allegations, Plaintiff, in this lawsuit, seeks: (1) Relief for violation of the Lanham Act by Ratpac for its use of the Ratpac mark in the United States (first cause of action); (2) Relief for violation of California's unfair competition statute (Bus. and Prof. Code § 17200) (second cause of action); and (3) Damages for the Foreign Claims, *i.e.*, three separate trademark infringement claims under the laws of Austria, the Netherlands, and Denmark, respectively, based on Ratpac's alleged use of the Ratpac mark in those three countries (third, fourth, and fifth causes of action).

As explained in the balance of this brief, all of Plaintiff's claims should be dismissed.

---

[2] There is a statement in the purportedly translated Denmark opinion to the effect that Ratpac's use of the Ratpac trademark in Denmark would infringe on Plaintiff's trademark rights in Denmark. Although the translation is ambiguous, it appears that damages, if any, would be based on use that followed the court's ruling. *See* Compl., Ex. C at 19, 26 (ordering Ratpac to acknowledge that its "actual or future use" of the Ratpac mark in Denmark constitutes infringement of Plaintiff's trademark in Rat Pack in that country).

### III.     SUMMARY OF ARGUMENT

Plaintiff's first cause of action, alleging violation of the Lanham Act, should be dismissed because it is barred by laches. Laches can be raised at the pleading stage of a case and has often been the basis of dismissal on a 12(b)(6) motion. *See* Section IV.A., *infra*. Here, laches is manifest and evident from the face of the Complaint. Plaintiff claims to have been using an unregistered trademark (Rat Pack) in the United States since 2002. It has known of Ratpac's use of the Ratpac mark since 2013. It has engaged in multiple legal proceedings against Ratpac in Europe since 2014 opposing and seeking to cancel Ratpac's European trademarks. BUT IT TOOK NO LEGAL ACTION OF ANY KIND WHATSOEVER AGAINST RATPAC IN THE UNITED STATES, UNDER THE LANHAM ACT OR OTHERWISE, UNTIL JUNE OF 2023. Nothing stopped Plaintiff from bringing this lawsuit earlier. It knew of Ratpac's conduct in the United States, which it claims to have been wrongful, for a decade before taking any legal action. Because no legal action of any kind was taken by Plaintiff against Ratpac in the United States, Ratpac continued using the Ratpac mark in the United States and spent hundreds of millions of dollars financing films using the Ratpac name from 2013 to the present. Thus, laches bars the relief being sought in this action.

Plaintiff's second cause of action for violation of California's unfair competition statute should be dismissed for the same reason.

Plaintiff's third, fourth, and fifth causes of action should all be dismissed on grounds of *forum non conveniens*. In the Foreign Claims, Plaintiff alleges that Ratpac's use of the Ratpac name in Austria, the Netherlands, and Denmark infringe Plaintiffs' trademarks in Austria, the Netherlands, and Denmark, under the laws of Austria, the Netherlands, and Denmark. These claims do not belong in this forum. Trademark law is uniquely territorial. Claims that Ratpac's conduct in three foreign countries violate Plaintiff's trademarks in those countries, based on the laws of those countries, and seeking damages as authorized by the laws of those countries SHOULD BE ADJUDICATED IN THOSE COUNTRIES. Because there are alternative forums where these claims can be

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

brought – indeed, forums where Plaintiff has already pursued claims against Ratpac – and because public interest and private interest factors strongly favor litigation of these claims in Europe, the claims should be dismissed.

It would be inconvenient and burdensome in the extreme for the Foreign Claims to be adjudicated here.  Expert testimony would be required as to what the law provides in Austria, the Netherlands, and Denmark.  Not only will that significantly increase the cost of this litigation, but also it would be unfair to the parties.  Neither this Court nor a jury should be required to wade though and choose between competing opinions from experts as to law in these three sovereign countries.  Courts sitting in those jurisdictions will not need expert witnesses, interpreters or translated documents to determine what is provided by the laws of those countries.  Courts in those countries can, should, and will apply their own laws to alleged conduct occurring in those countries.  Other public and private interest factors to be considered in evaluating *forum non conveniens* compel dismissal as well.

## IV.   THE LANHAM ACT AND UNFAIR COMPETITION CLAIMS ARE BARRED BY LACHES

### A.   Claims Can Be Dismissed at The Pleading Stage Because of Laches

Laches is "an equitable time limitation on a party's right to bring suit [resting] on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002).

A complaint may be dismissed under FRCP 12(b)(6) for failure to state a claim where laches is apparent from the face of the pleading.  Courts in this Circuit and elsewhere have frequently done so.  *See Landrum v. Tyson*, No. CV 10-4795-VBF(RCX), 2011 WL 13217114, at *1 (C.D. Cal. May 16, 2011); *Russell v. Thomas*, 129 F. Supp. 605, 605–06 (S.D. Cal. 1955); *Ariz. Minority Coal. for Fair Redistricting v. Ariz. Indep. Redistricting Comm'n*, 366 F. Supp. 2d 887, 907–08 (D. Ariz. 2005); *Solow Bldg. Co., LLC v. Nine W. Grp., Inc.*, No. 00 CIV. 7685 (DC), 2001 WL 736794, at *3–*6 (S.D.N.Y.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

June 29, 2001), *aff'd sub nom. Solow Bldg. Co., LLC. v. Nine W. Grp., Inc.*, 48 F. App'x 15 (2d Cir. 2002); *Coughlin v. Ryder*, 260 F. Supp. 256, 258–60 (E.D. Pa. 1966); *Strauss v. Angie's List, Inc.*, No. 217CV02560HLTTJJ, 2019 WL 399910, at *3–*4 (D. Kan. Jan. 31, 2019).

The defense of laches consists of two elements: "an unreasonable delay by the plaintiff and prejudice to [defendant]." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001).

Unreasonable delay is determined by the length of the delay in suing "measured from the time the plaintiff knew or should have known about its potential cause of action" and by whether plaintiff's delay was reasonable. *Jarrow*, 304 F.3d at 838. Importantly, when a Lanham Act claim is filed outside the statute of limitations for the analogous state law cause of action, there is a presumption that laches applies and bars the claim. *Id*. at 837. That is precisely the situation here. *See* Section IV. C, *infra*.

With respect to prejudice, courts have recognized "two chief forms of prejudice in the laches context - evidentiary and expectations-based." *Danjaq*, 263 F.3d at 955. Evidentiary prejudice includes things such as "lost, stale or degraded evidence, or witnesses whose memories have faded or who have died. *Id*. Expectations-based prejudice occurs where a defendant "took actions or suffered consequences that it would not have, had the plaintiff brough suit promptly." *Id*. The latter form of prejudice is present here and is evident from the face of the Complaint. *See* Section IV. E., *infra*.

### B.    Plaintiff Knew About Its Claims In 2014

Companies that expect "judicial enforcement of their marks must conduct an effective policing effort." *Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180, 1186 (N.D. Cal. 2015) (quoting *Grupo Gigante Sa De CV v. Dallo & Co. Inc.*, 391 F.3d 1088, 1102 (9th Cir. 2004). If they do not act promptly, judicial assistance is not available to them. To determine if a claim is barred by laches, the relevant inquiry is when plaintiff had actual or constructive knowledge of its potential claim. *Fitbug Ltd.*, 78 F. Supp. 3d. at 1186. Laches runs "from the time the plaintiff knew or should have known about its potential

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

cause of action." *Jarrow*, 304 F.3d at 838.

Here, the question of when Plaintiff "should have known" about its potential claim can be established as a matter of law. Ratpac applied for a trademark registration in 2014 and obtained a registered trademark in its Ratpac name from the U. S. Patent and Trademark Office in various categories on August 2, 2016.[3] *See* Request for Judicial Notice, Exs. A, B, filed concurrently herewith. The fact of registration is extremely important. "Registration of a mark on the principal register . . . shall be constructive notice of the registrant's claim of ownership thereof." 15 U.S.C. § 1072. Thus, Plaintiff is deemed to have been put on notice of Ratpac's use of its trademark as soon as the trademark was registered. *Pinkette Clothing, Inc. v. Cosmetic Warriors, Ltd.*, 894 F. 3d 1015, 1025 (9th Cir. 2018) ("[Plaintiff] should have known about its claims no later than when [Defendant's] registration issued[.]")

Even if we ignore the 2016 trademark registration and the constructive notice that it creates, the Complaint also establishes that Plaintiff should have been aware of Ratpac's use of the Ratpac mark even earlier than that. As expressly alleged in the Complaint, Ratpac was founded in 2013 by Brett Ratner, "a well-regarded Hollywood director and producer" and "billionaire James Packer." Compl., ¶ 14. By September 2013, the same year Ratpac was founded in the United States, Ratpac had teamed up with Dune Entertainment "to strike a deal with defendant Warner Bros. that . . . involved the investment of $450 million for the production of up to 75 feature films." *Id*. This deal was reported in the entertainment press, including, as Plaintiff expressly notes, by The Hollywood Reporter. *Id*. In the years that followed, Ratpac and Warner Bros. allegedly "marketed and distributed . . . films internationally—including in Europe and the United States—with prominent "Ratpac" branding." *Id*. These films included well known motion pictures such as "*Gravity*, *American Sniper* and *Wonder Woman*." *Id*.

---

[3] Ratpac's trademark registration was in Class 36 (financing services) and Class 41 (production services). The Class 41 registration was voluntarily cancelled by Ratpac last year. The Class 36 registration for financing services remained unchanged. *See* RJN, Ex. B.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

73468-00034/4906602.5

13

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Given that Plaintiff claims to be "one of the most successful motion picture producers in Germany" whose films have been "circulated widely in the United States]," (Compl., ¶¶ 10, 11) and because the parties' alleged respective involvement in the same geographic market and industry, it can be inferred that Plaintiff knew of Ratpac's existence and its use of the Ratpac trademark in 2013.

Yet, it is not even necessary to rely on that inference because Plaintiff expressly alleges in the Complaint that it was absolutely aware of Ratpac's use of the mark, *at the latest*, in June 2014 when it opposed Ratpac's attempt to register a trademark for the term "RATPAC" in the European Union. Compl., ¶ 15. Rather than pursuing any legal action in the United States where the films financed by Ratpac were produced, (which it could have done), Plaintiff instead initiated a series of legal proceedings in Europe, seeking to oppose Ratpac's trademark applications in Denmark (June 2014), and seeking to cancel Ratpac's trademarks in the Netherlands (September 2015), and Austria (November 2015). *Id.*, ¶¶ 15–23. Plaintiff has actively pursued these actions in these countries and others within the European Union for years. *Id.*

In short, separate and apart from constructive notice at the time of Ratpac's United States trademark registration (August 2016), the face of the Complaint makes clear that Plaintiff had actual knowledge of Ratpac's use of the Ratpac mark since at least June of 2014 – <u>nine years</u> before this action was filed.

**C.  Plaintiff's Claims Are Presumptively Barred by Laches**

The Lanham Act has no express statute of limitations. *Pinkette Clothing*, 894 F.3d at 1023. But where a Lanham Act claim is filed outside the statute of limitations period for the analogous state law cause of action, there is a presumption that laches is a bar to suit. *Jarrow*, 304 F.3d at 837. Ninth Circuit and California district courts have "almost universally assumed that the four-year limitations periods contained in California Code of Civil Procedure Section 337 or 343" apply to trademark infringement and unfair competition claims under California law. *Fitbug Ltd.*, 78 F. Supp. 3d at 1189. *See also Pinkette Clothing*, 894 F.3d at 1025 ("The most analogous state statute of limitations in

this case is California's four-year statute of limitations for trademark infringement actions.")  Thus, if a plaintiff in a Lanham Act claim fails to file suit within four years of when it knew or should have known that it has a claim, there is a "presumption" that the claim is barred by laches.  *Id.*; *Fitbug Ltd.*, 78 F. Supp. 3d at 1189–90.  Plaintiff—which had constructive notice that it had a claim as of August 2, 2016 when Ratpac's trademark was registered and which had actual notice that it had a claim even earlier than that in 2014—did not file suit within four years; instead, it waited at least nine years before bringing this action.  Thus, under clear Ninth Circuit authority, there is a presumption that laches bars Plaintiff's claims for trademark infringement.  Indeed, the Ninth Circuit has expressly stated that under these circumstances a "strong presumption in favor of laches arises." (emphasis added).  *Pinkette Clothing*, 894 F.3d at 1025.

**D.     Plaintiff's Nine-Year Delay in Bringing Suit Is Unreasonable**

While the nine-year delay in bringing suit in the face of a four-year statute of limitations for analogous state law claims creates a presumption of laches, it is a rebuttable presumption.  *Jarrow*, 304 F.3d at 837–38.  But nothing is alleged in the Complaint that would even remotely overcome the presumption.  Ratpac has consistently used its mark in the same regions, in the same markets, and in the same general industry as Plaintiff since 2014.  Compl. ¶ 14.  Ratpac is well-known, well-funded, and involved in major internationally distributed films.  *Id*.  Despite this, Plaintiff did not file suit claiming a Lanham Act violation or challenging Rapac's use of its Ratpac trademark in the United States until June 2023.  There is no allegation in the Complaint as to why Plaintiff did not bring suit earlier—much less an allegation that would justify its failure to bring suit on a timely basis.  *See, e.g.*, *Landrum*, No. CV 10-4795-VBF(RCX), 2011 WL 13217114 at *1–*3 (granting defendant's motion to dismiss with prejudice because it was clear from the face of the complaint that plaintiff's delay of at least fourteen years was unreasonable, and plaintiff had not provided any explanation for the delay).

Although the strong presumption that laches is a bar to recovery where, as here, suit was not brought within the time period for the analogous state law statute of

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

limitations is rebuttable, we are aware no case where that presumption has been overcome. In *Pinkette Clothing*, 894 F.3d at 1025, the Court, citing *E-Systems, Inc. v. Monitek*, 720 F.2d 604 (9th Cir. 1983), identifies certain factors which are to be considered in evaluating whether the presumption can be overcome. These are "(1) strength and value of the trademark rights asserted; (2) plaintiff's diligence in enforcing mark; (3) harm to senior user if relief denied; (4) good faith ignorance by junior user; (5) competition between senior and junior users; and (6) extent of harm suffered by junior user because of senior user's delay." *Id*. (quotations omitted). Nothing in these factors even remotely suggests overcoming the strong presumption here that laches is a bar to Plaintiff's late-filed Lanham Act claim.

Consider first the marks themselves. Plaintiff does not have a "strong mark" because the Rat Pack name is not original to it; it was long in use earlier as a nickname for a group of Hollywood actors who had no relationship to Plaintiff whatsoever. Compl., ¶ 12. If anything, the mark is associated with Frank Sinatra and his friends, not Plaintiff. Nor was Ratpac's selection of its own Ratpac mark an attempt to trade-off of Plaintiff's (unregistered) Rat Pack mark; Ratpac's mark was derived from the surnames of the company's two founders—Ratner and Packer. *Id.*, ¶ 14. Besides that, Plaintiff was clearly not diligent in enforcing its mark in the United States since <u>close to a decade passed</u> since Ratpac started using its mark on films produced in the United States and distributed around the world <u>before suit was filed in the United States</u>. Nor are the parties really in direct competition with each other as Plaintiff produces independent films in Germany that are distributed in the United States (but are not well known in the United States), whereas Ratpac finances the production of big budget Hollywood blockbusters by major studios. *Id.*., ¶ 14. Finally, the prejudice and harm suffered by Ratpac by reason of Plaintiff's delay is manifest. *See* Section IV.E, *infra*. Simply stated, there is nothing, and nothing has been alleged, which in any way rebuts the strong presumption here that laches bars Plaintiff's Lanham Act claim.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

73468-00034/4906602.5

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**E.      Ratpac Has Suffered Prejudice Due to Plaintiff's Delay**

Ratpac has been prejudiced by Plaintiff's delay in bringing its claims and this too is evident from the face of the Complaint.  Ratpac has used its trademark since 2013. Compl. ⁋ 14.  It has invested at least $ 450 million over the years and entered into business transactions, including with Dune Entertainment and Warner Bros., based on its belief that its use of the Ratpac trademark in the United States was valid.  *Id.* ⁋ 14.  If Plaintiff wanted to pursue a claim that Ratpac's use of its Ratpac trademark in the United States infringed Plaintiff's alleged common law trademark in Rat Pack, it could and should have asserted it <u>before</u> Ratpac built substantial goodwill using the name over the course of a decade.  Ratpac's reliance on its right to use Ratpac in the United States, which has continued without interruption since 2013, including through its investment and business transactions, demonstrates the expectations-based prejudice Ratpac has suffered due to Plaintiff's delay.  *Id.* ⁋ 14; *see also Grupo Gigante Sa De CV*, 391 F.3d at 1105 (prejudice exists where defendant "continued to build a valuable business around its trademark during the time that the plaintiff delayed the exercise of its legal rights."); *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 999–1000 (9th Cir. 2006) (holding that prejudice exists where defendant "entered into business transactions based on his presumed rights"); *Harman Int'l Indus., Inc. v. Jem Accessories, Inc.*, No. 2:20-CV-08222-AB-SKX, 2023 WL 2942991, at *11 (C.D. Cal. Apr. 10, 2023) (prejudice where defendant has "continued to build a valuable business around its trademark during the time that the plaintiff delayed the exercise of its legal rights"); *Landrum*, No. CV 10-4795-VBF(RCX), 2011 WL 13217114, at *2 (finding that it was clear from the face of the complaint that defendant had suffered prejudice, as plaintiff could have asserted its claims before defendant Mike Tyson built a substantial career using the name "Iron Mike," citing the $500 million Tyson had earned in his career).

Accordingly, the two elements necessary to establish laches (unreasonable delay and prejudice) are present on the face of Complaint, and Plaintiff's first cause of action (Lanham Act) should be dismissed.  It would be patently inequitable for Plaintiff to be

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

73468-00034/4906602.5

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

able to assert claims against Ratpac in the United States after having done nothing here for years and allowing Ratpac to build up good will in its registered Ratpac trademark.

**F. The Second Cause of Action, For State Unfair Competition, Is Also Barred by Laches**

"The Ninth Circuit 'has consistently held that state common law claims of unfair competition . . . are substantially congruent' to claims made under the Lanham Act." *Ingrid & Isabel, LLC v. Baby Be Mine, LLC*, 70 F. Supp. 3d 1105, 1119 (N.D. Cal. 2014) (quoting *Cleary v News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994)). Here, Plaintiff's claim that Ratpac violated California Business and Professions Code § 17200 (second cause of action) is duplicative of and is based on nothing more than what is alleged in the first cause of action. Thus, for the same reason the first cause of action (Lanham Act) is barred by laches, so too is the second cause of action.

## V. THE THIRD, FOURTH, AND FIFTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE OF *FORUM NON CONVENIENS*

Plaintiff's third, fourth, and fifth causes of action, respectively entitled "False Designation of Origin (Austria), False Designation of Origin (the Netherlands), and False Designation of Origin (Denmark), allege that Ratpac (and co-defendant Warner Bros.) used the Ratpac trademark in the three referenced foreign countries and that the use of the Ratpac trademark in those countries infringed Plaintiff's trademarks in those countries, based on the laws of those countries. There is absolutely no reason for these claims to be adjudicated as part of this litigation. On occasion below, these three causes of action shall be referred to collectively as the "Foreign Claims."

### A. Applicable Standard

Under the doctrine of *forum non conveniens* a district court may decline to exercise jurisdiction in a case where litigation in a foreign forum would be more appropriate and convenient. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). In evaluating a request for dismissal based on *forum non conveniens*, the Court evaluates

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

"(1) [W]hether an adequate alternative forum exists, and (2) [W]hether the balance of private and public interest factors favors dismissal." *Id.* (citations omitted).  As described below, these two factors are easily established.  Indeed, respectfully, it would be patently absurd for these claims—claims relating to foreign trademarks, arising from conduct in foreign countries, and requiring the application of foreign law—to be adjudicated here.

As an initial matter, in examining the two factors identified above, it is important to note that Plaintiff is a foreign party.  In *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256–57 (1981), the Supreme Court emphasized that it is "much less reasonable" for a foreign plaintiff to bring an action in a U.S. jurisdiction than to bring it in the plaintiff's home forum.  Indeed, when a foreign plaintiff chooses a U.S. jurisdiction for its lawsuit, "the showing required for" a defendant to successfully dismiss that lawsuit due to *forum non conveniens* "is reduced." *Lueck*, 236 F.3d 1137 at 1145 (citation omitted).

B.     **Plaintiff Has Adequate Alternative Forums to Litigate Its Austrian, Netherlands And Denmark Claims**

The first *forum non conveniens* factor to consider—availability of an alternative forum—is easily established.  An alternative forum "ordinarily exists when the defendant is amenable to service in the foreign forum." *Leuck*, 236 F.3d 1137 at 1143 (citation omitted).  Further, for there to be an alternative forum, the applicable "foreign forum" must provide "plaintiff with some remedy for [the alleged] wrong," which is almost always true. *Id.* at 1143 (emphasis added).  Indeed, the U.S. Supreme Court has held that "a foreign forum will be deemed adequate unless it offers no practical remedy for the plaintiff's" complaint." *Id.* at 1144 (underscore added).  As the Ninth Circuit has also recognized, this test is "easy to pass." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006) (citations omitted).

It cannot be disputed that Plaintiff has adequate alternative forums available to it; it can adjudicate its claims in the courts of Austria, the Netherlands, and Denmark.  Indeed, Plaintiff has already brought actions against Ratpac in each of those countries. *See* Compl., ¶¶ 16–23 and Exs. A, B, C (discussing Plaintiff's trademark cancellation and

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

opposition proceedings against Ratpac in the three foreign countries and attaching alleged translations of what rulings were made in those proceedings).  Plaintiff even claims to have received favorable outcomes in those proceedings.  *Id.* ¶¶ 16–23.

Clearly, Ratpac is amenable to service in these countries because it has already responded to legal proceedings and defended itself in these countries.  Moreover, the United States, Austria, the Netherlands, and Denmark are all signatories to the Hague Convention, which provides for international service procedures among its member countries.  *See HCHH Members*, Hague Conference on Private International Law ("HCHH"), *https://www.hcch.net/en/states/hcch-members* (last visited Aug. 23, 2023) (listing members); Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (setting forth procedures for service among countries parties to the Hague Convention).

Further, there is no doubt that the courts in Austria, the Netherlands, and Denmark can provide a remedy to Plaintiff (if it establishes that it has been wronged).  Indeed, Plaintiff concedes in the Complaint that these forums can provide a remedy.  Plaintiff alleges that the "custom" in these countries is "to preliminarily obtain non-monetary relief against infringers and then pursue money damages in a subsequent separate action."  Compl. ¶ 24.  Defendant, however, strategically elected to forego seeking damages in Europe because it preferred to litigate in Los Angeles.  "Rather than file monetary claims against Defendants in Austria, the Netherlands and Denmark . . ., [Plaintiff] has elected to come to Los Angeles first."  *Id.*

In short, putting aside the blatant forum shopping at issue, Plaintiff admits that there are alternative forums in which it could have brought its claims.

//

//

//

**C.    The Balance of Public and Private Interest Factors Clearly Favors Dismissal**

### 1.    Public Interest Factors

In evaluating a dismissal request based on *forum non conveniens*, courts look to public and private interest factors.  We will address first the public interest factors because they manifestly demonstrate why dismissal is warranted.  The public interest factors are (1) Identifiable local interest in having localized controversies decided at home; (2) The Court's familiarity with the governing law and preference to avoid unnecessary conflicts; (3) Burden of jury duty on people that have no relation to the dispute; (4) Administrative burden on and congestion in the court system; and (5) Costs of resolving a dispute unrelated to this forum.  *Lueck*, 236 F.3d at 1147; *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995).

Local Interest.  There is simply no local interest in having the Foreign Claims resolved in this Court.  Trademark rights are territorial in nature (*Grupo Gigante SA De CV*, 391 F.3d at 1093), and the Foreign Claims only concern Plaintiff's alleged foreign trademarks as established in and as allegedly infringed by Ratpac through its conduct in Austria, the Netherlands and Denmark.  *See* Compl., ¶¶ 39, 45, 51.  In short, Los Angeles has no interest whatsoever in these claims.  *See also Leetsch v. Freedman*, 260 F.3d 1100, 1105 (9th Cir. 2001). (holding that "California residents have little to no [local] interest" in the dispute when the subject matter giving rise to the dispute was in Germany and the complained acts and resulting consequences also occurred in Germany; affirming district court decision); *accord Harp v. Airblue Ltd.*, 879 F. Supp. 2d 1069, 1078 (C.D. Cal. 2012) (deciding this factor in favor of defendant because local interest "pale[d]" in comparison to that of the foreign country); *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 951 (9th Cir. 2017) (California local interest insufficient to justify the potential burden on the local jury); *Huthart v. News Corp.*, No. CV1304253MWFAJWX, 2014 WL 12577175, at *12 (C.D. Cal. May 21, 2014) (same).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

73468-00034/4906602.5

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Governing Law.  This factor above all others – frankly, in and of itself – compels dismissal.  The Foreign Claims respectively seek to find liability and impose damages based on the laws of Austria, the Netherlands, and Denmark.  It is beyond dispute that courts sitting in Austria, the Netherlands, and Denmark are in a better position to apply their own laws than this Court.  Indeed, application of the governing law if the claims were adjudicated in this proceeding would be cumbersome, time consuming, and unfair to the litigants.  Presumably each party would have to retain experts on foreign law – indeed three different experts for each party would be required because the Foreign Claims address conduct and trademarks in three separate countries.  Further, it is likely that translations of various statutes and case law would have to be presented.  The trier of fact, *inter alia*, would need to determine whose experts to believe and which translations to accept.  There will be no reasonable basis on which to make this determination.  Rather, the trier of fact – be it the Court or jury – will have to choose between the experts as to what the law provides in each of the three separate foreign countries.  Clearly, it would be much more efficient to have judges in the three countries where the infringement allegedly occurred apply the law of their jurisdictions.  Litigating claims based on and requiring the application of foreign law in this forum makes no sense whatsoever.  *See Tuazon*, 433 F.3d 1163 at 1182 (affirming district court decision ruling in defendant's favor on this question as "[a]n analysis of [foreign] law" in the U.S. district court "would be a burden and would support dismissal"); *see also Leetsch*, 260 F.3d at 1105 (finding this factor to "weigh[] especially heavily in favor of the [foreign court" because of the need for the court to learn foreign law and the associated translation burdens and potential inaccuracies);  *accord Harp*, 879 F. Supp. 2d at 1078 (C.D. Cal. 2012); *see also In re Air Crash Over Mid-Atl. on June 1, 2009*, 760 F. Supp. 2d 832, 847 (N.D. Cal. 2010) (holding that even the "possibility" of applying "French law" "favor[ed] dismissal" (emphasis added)).  Indeed, applying foreign law here particularly makes no sense because we are not dealing with a single doctrine of law or a discrete legal question; rather the Court would need to address all aspects of foreign trademark law including, at a minimum, the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

nuances of likelihood of confusion, appropriate measures of damage, and equitable defenses.

Burden on Jury. Similar to the points raised above, it would be burdensome for a civil jury siting in Los Angeles to have to choose between competing experts as what foreign law provides—in each of three separate sovereign nations—and apply it to facts of events that occurred in Europe. And, since all of the relevant factual events occurred in the foreign countries—*e.g.*, what use was made of the marks in the foreign countries; was there confusion by virtue by the use of the marks in the specific countries; what damages if any, did Plaintiff suffer by reason of Ratpac's use of its mark—there is no California connection to the issues the jury would be called upon to decide. As the U.S. Supreme Court observed long ago, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09 (1947).

Burden on and Congestion of Court. It is well known, and the Court is certainly more aware of it than the parties themselves, that there is significant court congestion in this District. *In re Air Crash Over Taiwan Straits on May 25, 2002*, 331 F. Supp. 2d 1176, 1202 (C.D. Cal. 2004) (stating even back then that this District "is one of the busiest districts in the country" and that it "is heavily congested" (citations, quotations, and footnotes omitted)). The resources of the Court should be devoted to adjudicating claims that truly have a connection to Los Angeles and which arise under Federal and California law. Litigating foreign claims, involving foreign trademarks, based on acts occurring in foreign countries, and requiring the application of foreign law, will take time away from adjudicating cases that truly belong here. Trying the Foreign Claims here will, by definition, take time away from and "impede the ability of local litigants to try their cases in this district." *Van Schijndel v. Boeing Co*., 434 F. Supp. 2d 766, 782 (C.D. Cal. 2006).

Unnecessary Costs. Litigating the Foreign Claims in this forum will result in unnecessary costs for both the Court and the litigants. Court personnel will be required to devote resources administering a case that has no bearing on or connection to Los

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Angeles. Litigants will be required to incur unnecessary costs associated with experts on foreign law, getting translations, and bringing witnesses—especially foreign experts and survey consultants—from Europe to testify. Interpreters may be needed as well. All of this will increase the cost of litigation. *See* Section V.C.2, *infra*.

### 2. Private Interest Factors

Private interest factors include the following: (1) The residence of the parties and the witnesses; (2) The forum's convenience to the litigants; (3) Access to physical evidence and other sources of proof; (4) Whether unwilling witnesses can be compelled to testify; (5) The cost of bringing witnesses to trial; (6) The enforceability of the judgment; and (7) All other practical problems that make trial of a case easy, expeditious, and inexpensive. *Lueck*, 236 F.3d at 1145; *see also Creative Tech., Ltd.*, 61 F.3d at 703. Again, these factors favor dismissal.

Residence of Parties and Witnesses. To be sure, Ratpac is located in Los Angeles. Plaintiff of course is not. It is a German company and thus far closer to Austria, the Netherlands, and Denmark than to Los Angeles. But apart from the parties themselves, the witnesses who are likely to testify in this action would all be based in Europe. In this regard, as mentioned in respect to the public interest factors, litigating the Foreign Claims here will require expert witnesses in Austrian, Dutch, and Denmark law. No doubt, the most qualified such witnesses will reside in those countries. Further, likelihood of confusion, at least in the United States, is often adjudicated by resort to survey evidence. *Prudential Ins. Co. v. Gibralter Fin. Corp.*, 694 F.2d 1150, 1156 (9th Cir. 1982). Since the likelihood of confusion analysis would be based on confusion, if any, occurring in Austria, the Netherlands and Denmark, any survey evidence would need to be obtained in those countries, presumably by survey companies based in those countries, directing their inquiries to people who reside in those countries. Those witness would then have to come to Los Angeles for trial. Likely, interpreters would be required. Evidence of actual confusion, often an important factor in trademark cases, will also depend on who, if anyone, in Austria, the Netherlands, and Denmark was in fact confused by Plaintiff's and

24

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Ratpac's respective use of their marks in those countries. Damages will also require witness who reside in the foreign territories; if Plaintiff lost business opportunities or revenue in these countries based on trademark confusion in these countries, the witnesses to those damages would also reside in those countries.

Convenience to Litigants. As stated above, while Ratpac itself is located in Los Angeles, almost all other witnesses—expert and percipient—will reside in Europe. Getting uncooperative third-party percipient witnesses to come to Los Angeles to testify will be impossible. Indeed, taking discovery from them will be difficult. This Court has no power to compel the participation of third parties located in Europe. As result, defending the Foreign Claims in Los Angeles will be much more difficult for Ratpac than if the claims are adjudicated in the foreign territories where the witnesses reside and where their testimony can be compelled. There will also be no need to retain experts on the law of three separate counties if the claims are adjudicated in the three countries themselves. The judges themselves in those countries will know what the law requires. This will make litigating there much more convenient and more fair.

Access to Physical Evidence and Sources of Proof. The events at issue in the Foreign Claims all occurred in the three foreign countries. Plaintiff alleges that Ratpac's conduct in those countries created confusion with Plaintiff's Rat Pack trademarks in those countries and as a result it has been damaged. The confusion, if there was any, will be established either from documents or testimony from those who were present or, if applicable law allows, through surveys conducted in those countries. As English is not the primary language in any of these countries, translations and/or interpreters will almost certainly be required for relevant proof to be presented to the Court. We have seen this already as Plaintiff seeks to rely on translations of prior judicial/administrative proceedings. Compl., Exs. A, B and C. Requiring and utilizing translations and interpreters will complicate getting access to and utilizing proof and will make litigating in Los Angeles more time consuming and burdensome than litigating in the countries where the actual events and alleged infringement occurred.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

73468-00034/4906602.5

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Compelling Witnesses to Testify.  As stated above, witnesses will reside in the three territories where the alleged infringement took place.  But Ratpac may be precluded from key discovery given the Court's lack of authority to compel discovery as to those located outside its subpoena power.  *Huthart v. News Corp.*, No. CV1304253MWFAJWX, 2014 WL 12577175, at \*10 (C.D. Cal. May 21, 2014) (citing Fed. R. Civ. P. 45(b)(2) & (3)); *Harp*, 879 F. Supp. 2d at 1077; *see also Wamai v. Indus. Bank of Korea*, Case No. 21-1956-cv 2023 WL 2395675 at \*2 (2d Cir. 2023) (affirming dismissal of action on grounds of *forum non conveniens* because "discovery and trial would likely involve an arduous process of securing the appearance of witnesses without the benefit of this Court's subpoena power[.]")

Cost of Bringing Witnesses to Testify.  Again, numerous witness, from multiple countries, will be needed to testify.  Some may not be able to be compelled to attend at all.  Those that agree to attend will, by definition, have to travel to and stay in Los Angeles.  Some may require interpreters.  This will be expensive and is a cost that would not be incurred if the claims are litigated in the countries where the claims actually arose.  *See Harp*, 879 F. Supp. 2d at 1077.

Enforcement of Judgment.  This private interest factor might argue against a *forum non conveniens* dismissal if the Foreign Claims were to be adjudicated is some rogue or unreliable state.  But we are not suggesting that Plaintiff adjudicate its claims in Iran, Russia, or North Korea.  There is no reason to fear or believe that a judgment rendered by a Court sitting in Austria, the Netherlands, and Denmark will not be enforced in the United States.

Simply stated, the private interest as well as the public interest factors—especially the fact that the claims at issue require the application of foreign law—overwhelmingly support dismissal of the claims on *forum non conveniens* grounds.  It is not even a close case.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

73468-00034/4906602.5

26

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

### D. Plaintiff's Alleged Justification for Litigating in Los Angeles Is Unavailing

Plaintiff's purported justification for litigating the Foreign Claims in Los Angeles is unavailing. In paragraph 24 of the Complaint, Plaintiff alleges that "it is the custom in Europe" to "obtain non-monetary relief against infringers" and "then pursue money damages in a subsequent, separate action." Plaintiff then alleges that rather than do that, it seeks to litigate its claim for monetary damages (*i.e.*, alleged damages sustained in the three European countries) in this Court so that it need not seek to "domesticate any resulting judgments in Los Angeles." *Id.* In short, Plaintiff seeks to subject Ratpac and this Court to all the burdens addressed in Section V.C., *supra*, so that it will not have to be inconvenienced in bringing an enforcement action if it prevails on any of its European claims.

Two responses are in order. First, there is no certainty that Plaintiff will prevail if/when it litigates its infringement claims in Europe. All that has been adjudicated thus far are trademark registration and cancellation proceedings. If Plaintiff does not prevail on its not-yet-filed or adjudicated infringement claims, there would be nothing for this Court to enforce. In other words, Plaintiff asks this Court to adjudicate the merits of the Foreign Claims even though the Court might never have to address the Foreign Claims at all—even in an enforcement proceeding. Second, if Plaintiff litigates the Foreign Claims in Europe (as it should) and prevails, the burden on this Court to adjudicate an enforcement action will be far less than the burden of adjudicating three separate substantive claims for trademark infringement arising under the laws of three separate countries and based on actions occurring in these countries.

Candidly, filing the Foreign Claims in this action smacks of forum shopping. But whatever the motive, standard *forum non conveniens* considerations compel that the claims be dismissed. Plaintiff should pursue the Foreign Claims where they arose and where they belong.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## VI.   CONCLUSION

For the reasons set forth above, the first and second causes of action should be dismissed because the claims are barred by laches and the Foreign Claims should be dismissed on the grounds of *forum non conveniens*.

DATED:  August 24, 2023

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By:   */s/ Charles N. Shephard*
CHARLES N. SHEPHARD
Attorneys for Defendant
RATPAC ENTERTAINMENT, LLC

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067