LINDSAY KOROTKIN (*Admitted Pro Hac Vice*)
lindsay.korotkin@afslaw.com
**ARENTFOX SCHIFF LLP**
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone:    212.484.3900
Facsimile:    212.484.3990

JESSICA B. DO (SBN 317517)
jessica.do@afslaw.com
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone:    213.629.7400
Facsimile:    213.629.7401

Attorneys for Defendant
WARNER BROS. ENTERTAINMENT INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAT PACK FILMPRODUKTION GMBH, a German limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RATPAC ENTERTAINMENT, LLC, a Delaware limited liability company; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-4790-MEMF-AS(x)<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANT WARNER BROS. ENTERTAINMENT INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**<br><br>Date:      Thursday December 14, 2023<br>Time:      10:00 a.m.<br>Judge:     Hon. Maame Ewusi-Mensah Frimpong<br>Ctrm:      8B<br><br>Date Action Filed: June 19, 2023 |

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................................- 1 -

II.    LACHES APPLIES TO THE FIRST AND SECOND CAUSES OF ACTION AND IS A BASIS FOR DISMISSAL UNDER THESE FACTS ................................- 2 -

     A.     Plaintiff Cannot Overcome a Presumption of Laches Due to Plaintiff's Actual and Constructive Knowledge of its Claims Outside the Limitations Period ..............................................................................................- 2 -

     B.     The Face of the Complaint Demonstrates That Warner Was Prejudiced ...........- 4 -

     C.     The Face of the Complaint Demonstrates That the E-Systems Factors Weigh Heavily in Favor of Applying Laches ......................................................- 5 -

III.   PLAINTIFF LACKS PROTECTABLE U.S. TRADEMARK RIGHTS TO SUPPORT ITS FIRST AND SECOND CAUSES OF ACTION ................................- 6 -

     A.     Plaintiff's Unregistered Mark Is Not Protectable in the U.S. Because It Is Merely Descriptive and Lacks Secondary Meaning ...........................................- 6 -

     B.     The Complaint Fails to Establish Likelihood of Confusion..............................- 8 -

IV.   PLAINTIFF'S OPPOSITION FAILS TO ADDRESS THE UCL CLAIM ...................- 8 -

V.     THE FOREIGN CLAIMS LACK SUBJECT MATTER JURISDICTION OR SHOULD BE DISMISSED FOR FORUM NON CONVENIENS .............................- 8 -

     A.     The Complaint and Opposition Do Not Establish Subject Matter Jurisdiction or a Basis for the Court to Invoke Supplemental Jurisdiction.........- 8 -

     B.     The Opposition Fails to Rebut the Strong Basis for Dismissal of the Foreign Claims for Forum Non Conveniens.......................................................- 9 -

VI.   CONCLUSION ................................................................................................- 10 -

DEF. WARNER'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahumada v. Converse, Inc.*,
No. EDCV 1901836-CJC(SHKx), 2019 WL 13079601 (C.D. Cal. Oct. 28, 2019) ..................................................................................................................... 2

*In re Bayer Aktiengesellschaft*,
488 F.3d 960 (Fed. Cir. 2007)........................................................................................ 7

*Cabell v. Zorro Prods. Inc.*,
No. 5:15-CV-00771-EJD, 2017 WL 2335597 (N.D. Cal. May 30, 2017)................................. 4

*Carijano v. Occidental Petroleum Corp.*,
643 F.3d 1216 (9th Cir. 2011)...................................................................................... 10

*In re Chamber of Com.*,
675 F.3d 1297 (Fed. Cir. 2012)...................................................................................... 7

*Columbia Pictures Indus., Inc. v. Embassy Pictures*,
No. CV 82-2376-Kn, 1982 WL 1274 (C.D. Cal. May 27, 1982) ..................................... 7

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
618 F.3d 1025 (9th Cir. 2010)........................................................................................ 5

*Free Kick Master LLC v. Apple Inc*,
No. 15-CV-3403-PJH, 2016 WL 777916 (N.D. Cal. Feb. 29, 2016) ....................................... 3

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*,
826 F.2d 837 (9th Cir. 1987).......................................................................................... 8

*Grupo Gigante S.A. De C.V. v. Dallo & Co.*,
391 F.3d 1088 (9th Cir. 2004)........................................................................................ 5

*In re Gyulay*,
820 F.2d 1216 (Fed. Cir. 1987)...................................................................................... 7

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
304 F.3d 829 (9th Cir. 2002).......................................................................................... 4

*Kendall-Jackson Winery, Ltd. V. E. & J. Gallo Winery*,
150 F.3d 1042 (9th Cir. 1998)........................................................................................ 7

*Kourtis v. Cameron*,
419 F.3d 989 (9th Cir. 2005).......................................................................................... 2

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

-ii-                    DEF. WARNER'S REPLY IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT

*Landrum v. Tyson*,
No. CV 10-4795-VFB(RCx), 2011 WL 13217114 (C.D. Cal. May 16, 2011)........................ 3

*Levi Strauss & Co. v. AmericanJeans.com, Inc.*,
No. 5:10-cv-05340 JF (PSG), 2011WL 1361574 (N.D. Cal. Apr. 11, 2011) .......................... 9

*Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*,
20 F.3d 987 (9th Cir. 1994)................................................................................................... 9

*Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*,
165 F. Supp. 3d 937 (S.D. Cal. 2016) ................................................................................... 2

*Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*,
894 F.3d 1015 (9th Cir. 2018)........................................................................................... 3, 5

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981) .............................................................................................................. 9

*Ravelo Monegro v. Rosa*,
211 F.3d 509 (9th Cir. 2000)................................................................................................. 9

*Saul Zaentz Co. v. Wozniak Travel, Inc.*,
627 F. Supp. 2d 1096 (N.D. Cal. 2008) ............................................................................. 2, 3

*In re Sun Microsystems, Inc.*,
59 U.S.P.Q.2d 1084, 2001 WL 461279 (T.T.A.B. 2001) ...................................................... 7

*WB Music Corp. v. Futuretoday, Inc.*,
No. 2:18-cv-01238-CAS(FFMx), 2018 WL 4156589 (C.D. Cal. Aug. 28, 2018)................... 4

**Statutes**

15 U.S.C. § 1072 ....................................................................................................................... 3

15 U.S.C. § 1127 ....................................................................................................................... 8

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(1) ...................................................................... 11

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

-iii-                    DEF. WARNER'S REPLY IN SUPPORT OF
                         MOTION TO DISMISS THE COMPLAINT

## I.    <u>INTRODUCTION</u>

Plaintiff Rat Pack Filmproduktion GmbH's Opposition ("Opp.")[1] fails to establish any basis for its Complaint to survive dismissal. Rather, the Opposition is replete with concessions and misapplication of the law and the allegations. An examination of the Complaint and precedent demonstrate that each of the Complaint's claims should be dismissed at this stage.

First, Plaintiff fails to set forward any basis to defer applying laches to the Complaint's First and Second Claims under the Lanham Act and California's Unfair Competition Law. The face of the Complaint shows that a presumption of laches applies because Plaintiff knew or should have known of its potential claims as early as 2014, yet unreasonably waited until 2023 to bring this action. Plaintiff's hail mary arguments that a foreign plaintiff is somehow excepted from laches or that the Complaint only admits knowledge of these *Hollywood* defendants' activities *in Europe*, not the U.S., lack legal support and are nonsense. Further' Plaintiff's arguments under the *E-Systems* factors rely on misstatements or misunderstandings of the facts and law and do not pass muster.

Second, outside of laches, the Opposition fails to address the UCL claim or any of Warner's arguments attacking that claim's blatant defects. Thus, Plaintiff concedes it should be dismissed.

Third, the Complaint fails to plausibly allege that Plaintiff has protectable unregistered U.S. trademarks rights to "RAT PACK", which it admittedly selected for its reference to films. When properly viewed in the context of Plaintiff's film services, the name is clearly descriptive. Nor has Plaintiff plausibly alleged continuous, nationwide use of the name to support a claim that this name has since acquired (and maintained) a secondary meaning as a source identifier for Plaintiff to be protectable. Making matters worse, Plaintiff failed to allege the requisite likelihood of confusion, as it improperly mixed-up Warner with Defendant RPE, and conduct in Europe with the U.S.

Fourth, Plaintiff still lacks a basis for diversity or supplemental jurisdiction for the Foreign Claims. Plaintiff's untimely declaration fails to demonstrate diversity, as RPE's members' citizenship is still not addressed. Plaintiff also concedes that strong reasons to decline supplemental jurisdiction apply here as it fails to address the relevant factors. And, Plaintiff's *forum non conveniens* argument is based on the wrong standard and overlooks that as a *foreign* plaintiff, its

---

[1] Definitions from Warner's opening motion are reused here.

forum selection is *not* awarded substantial deference. Plaintiff also fails to duly address the public and private factors. When viewed against the lower deference standard for foreign plaintiffs, it is clear that Austria, the Netherlands, and Denmark are better suited to adjudicate the Foreign Claims. Accordingly, the Court should grant Warner's Motion and dismiss the Complaint in its entirety.

## II.    LACHES APPLIES TO THE FIRST AND SECOND CAUSES OF ACTION AND IS A BASIS FOR DISMISSAL UNDER THESE FACTS

Plaintiff does not dispute that dismissal is procedurally appropriate when, as here, laches is "apparent on the face of the complaint." *Ahumada v. Converse, Inc.*, No. EDCV 1901836-CJC(SHKx), 2019 WL 13079601, at *3 (C.D. Cal. Oct. 28, 2019). Plaintiff's main case for delaying laches, *Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, 165 F. Supp. 3d 937 (S.D. Cal. 2016), is distinguishable. Opp. at 10:6-7 [ECF No. 41]. That pleading lacked allegations of knowledge or prejudice. Here, in contrast, as shown below, the allegations prove Plaintiff's knowledge, unreasonable delay and prejudice, thereby warranting dismissal under laches.[2]

### A.    Plaintiff Cannot Overcome a Presumption of Laches Due to Plaintiff's Actual and Constructive Knowledge of its Claims Outside the Limitations Period

Applying laches is proper here. The Complaint shows Plaintiff knew *and* should have known of *Warner's* alleged conduct eight-plus years ago.[3] Plaintiff's Opposition arguments all lack merit.

First, contrary to Plaintiff's argument, the Complaint discloses that Plaintiff knew of Defendants' activities in the U.S. more than four years before the Complaint was filed. For example, the Complaint admits that by 2014, Plaintiff was selectively taking some action against co-defendant RPE in Europe. Compl. ¶ 15. The notion that Plaintiff knew of U.S.-based RPE's activities in Europe, but *not* the U.S., is absurd and unsupported. Indeed, even in the translated Netherlands decision attached to the Complaint, the court noted that Plaintiff and RPE did not dispute before the lower court these facts: "Ratpac **US** belongs together with a number of other companies to the **American** Ratpac Group, which is **active** in the film industry and is **involved in the financing of Hollywood feature films**, in particular **blockbusters/world-renowned films**. . . her name RATPAC ENTERTAINMENT is mentioned [in titles and credits]." Compl. Ex. B, ¶ 1.2 (emphasis added); *see also id.* ¶ 19 ("Ratpac US is involved in major Hollywood productions"); *id.* ¶ 22 ("Ratpac U.S.

---

[2] Plaintiff's cited case *Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir. 2005) does not hold that laches can never apply at this stage, it only held that the complaint lacked "sufficient factual allegations" to prove delay and prejudice.

[3] A laches defense can be based on either constructive *or* actual knowledge since "the 'knew or should have known' standard is disjunctive." *Saul Zaentz Co. v. Wozniak Travel, Inc.*, 627 F. Supp. 2d 1096, 1112 (N.D. Cal. 2008).

focuses on large Hollywood productions in English"). Thus, the Complaint admits knowledge of use outside of the applicable four year limitations period.[4] Therefore, a "strong presumption" of laches applies. *Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018).

Contrary to Plaintiff's argument (*see* Opp. at 13:16-27), the presumption of laches applies **at the motion to dismiss stage**. For example, in *Landrum v. Tyson,* No. CV 10-4795-VFB(RCx), 2011 WL 13217114, at *2 (C.D. Cal. May 16, 2011), the court dismissed with prejudice under laches a claim that boxer Mike Tyson infringed plaintiff's trademark "Iron Mike." That court applied a presumption of laches because the complaint showed Plaintiff was aware of his claim fourteen years before filing suit. *Id.* Likewise, in *Free Kick Master LLC v. Apple Inc*, No. 15-CV-3403-PJH, 2016 WL 777916, at *1, 5-6 (N.D. Cal. Feb. 29, 2016), in dismissing a claim with prejudice under laches, the court applied a presumption of laches because the complaint and its exhibits demonstrated that plaintiff waited more than four years after discovering the alleged infringement to file suit. As shown by these cases, this Court may apply a presumption of laches at the motion to dismiss stage.

Second, Plaintiff lacks any meritorious arguments to overcome the well-settled law that *a second and separate* basis for a presumption of laches exists here because Plaintiff should have known of its cause of action as a result of RPE's 2016-issued RATPAC U.S. federal registration. *See Pinkette Clothing, Inc.*, 894 F.3d at 1025 ("CWL should have known about its [infringement] claims no later than when Pinkette's registration issued in July 2010"); *see also Saul Zaentz Co.*, 627 F. Supp. 2d at 1112. Plaintiff's hail mary argument that a registration does not always provide constructive notice relies on out-of-circuit cases or old ones from before *Pinkette* (which applied a contrary rule). Opp. at 11:11-23. But even if the Court adopted Plaintiff's proposed rule that foreign plaintiffs merit special treatment, the Complaint admits that Plaintiff is subject to the Lanham Act's registration-based constructive notice rules. Indeed, even in *Prudential Insurance Co. of America v. PRU.COM*, which Plaintiff relies on heavily despite it being a cyberpiracy, *not laches*, case, Opp. at 11: 14-17, the Chinese entity was found to be subject to the constructive notice requirement of 15 U.S.C. § 1072 simply because it had registered domain names in English with American companies. 546 F. Supp. 3d 476, 476, 489 n.15 (E.D. Vir. 2021). Similarly, here, the Complaint alleges that

---

[4] It is also implausible that Plaintiff only just became aware of Defendants' U.S. activities. Plaintiff has been selectively acting against RPE in Europe since 2014, and the accused films are *Hollywood* blockbusters. Compl. ¶¶ 14-24.

Plaintiff "played ball" in the U.S. and should therefore be subject to the Lanham Act's notice rules.[5]

Plaintiff also effectively concedes that its delay was unreasonable by only offering a hypothetical "famously German sense of efficiency" as an explanation. This argument lacks legal support and none is provided. Opp. at 12:1-5.[6] Rather, laches case law is clear: "one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (citation omitted). Thus, Plaintiff's knowing failure to timely assert its claims against Warner in the U.S. (or anywhere) subjects them to dismissal.

### B.      The Face of the Complaint Demonstrates That Warner Was Prejudiced

Plaintiff's minimal attempts to argue lack of prejudice lack merit, and the reliance on *Internet Specialties West, Inc. v. Milon-DiGiorgio Enterprises, Inc.* is misplaced. Opp. at 12:11-26. In *Internet Specialties West*, in assessing the application of laches to an infringement claim, the Ninth Circuit recognized a distinction between non-prejudicial expenditures versus prejudicial investment. 559 F.3d 985, 990-92 (9th Cir. 2009). Critical to that court's determination of no prejudice, was a finding that the "vast majority" of the defendant's advertising did not even use the mark and therefore could not generate any sort of "public association" between the defendant and the mark. *Id.* at 993. But here, the face of the Complaint alleges that Defendants' products and marketing materials bear "prominent 'Ratpac' branding." Compl. ¶¶ 14, 27.

Plaintiff's suggestion that an investment under the name Ratpac Entertainment was not made is belied by its pleading. The Complaint alleged Warner entered into a multimillion-dollar deal with RPE's affiliate to produce "75 feature films" and "jointly market and distribute" them internationally (including in the U.S.) "with prominent 'Ratpac' branding" and that "[o]ver time" resulting in several blockbuster films. Compl. ¶ 14. This goes well beyond the *de minimis* expenditures of the *Internet Specialties* defendant. By sleeping on its claims as to Warner, Plaintiff deprived Warner of

---

[5] *See, e.g.*, Compl. ¶ 11 (alleging that Plaintiff circulated and released films in the U.S. and through U.S. streaming services and showcased works at U.S. film festivals all before the 2016 registration date). These allegations do not allege if or how RAT PACK was used on those films and is irrelevant to the question of constructive notice for laches, even though highly relevant to whether Plaintiff has U.S. trademark rights to assert here.

[6] Plaintiff's citation to *WB Music Corp. v. Futuretoday, Inc.*, No. 2:18-cv-01238-CAS(FFMx), 2018 WL 4156589, at *3 (C.D. Cal. Aug. 28, 2018), a case involving a Rule 12(e) motion for a more definitive statement, is irrelevant. Warner's Motion is not concerned with clarifying the pleading; rather, it contends that the Complaint's allegations support applying laches as a matter of law. *See, e.g.*, *Cabell v. Zorro Prods. Inc.*, No. 5:15-CV-00771-EJD, 2017 WL 2335597, at *10 (N.D. Cal. May 30, 2017) (dismissing claim under laches due to failure to plead specific facts).

the opportunity to alter the accused works and marketing materials before launch.

In a final failing effort to walk back its admissions of prejudice, Plaintiff boldly claims that Warner cannot show prejudice because "[i]t is reasonable to infer from *Warner's conduct in Europe* that it would have continued with its infringing activities in the United States even if [Plaintiff] brought suit here sooner." Opp. at 13:4-6 (emphasis added). Yet the Complaint is devoid of any allegation of any claim asserted against *Warner* in Europe—or anywhere—prior to the filing of the instant action. Plaintiff's alleged action against a handful of RPE trademark filings abroad did not involve Warner. There is no basis for this claim and it should be disregarded.

**C.    The Face of the Complaint Demonstrates That the *E-Systems* Factors Weigh Heavily in Favor of Applying Laches**

The application of Laches is also warranted because the Complaint alleges facts establishing that the *E-Systems* factors favor Warner. Plaintiff's Opposition arguments do not move the needle.[7]

For the first factor, strength and value of the mark, the Opposition wrongly claims RAT PACK is strong by comparing it to Apple's "multibillion dollar trademark rights." Opp. at 14:10-17. But unlike APPLE for computers, the name RAT PACK is descriptive, lacks secondary meaning, and is too weak to protect. A mark's strength falls on a spectrum so that "[t]he less obvious the connection, the stronger the mark, and vice versa." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1033 (9th Cir. 2010). Because APPLE has no association with computers, it is arbitrary, falls on the higher end of the spectrum, and receives "maximum trademark protection." *Id.* In contrast, Plaintiff's name is admittedly based on a group of Hollywood actors. Compl. ¶ 12. As a producer in the film industry, Plaintiff's name is nowhere near as distinctive as APPLE when applied to its services. Rather, as addressed in Section II(A) below, Plaintiff's name is descriptive, lacks secondary meaning, and is unprotectable. Factor one favors laches. Boom

Next, Plaintiff effectively concedes the second factor, which requires Plaintiff to diligently enforce its rights. Opp. at 14:23-15:8. Plaintiff provides no authority for its singular claim that actions abroad *against RPE* are relevant to the laches analysis for U.S. trademark infringement claims (or against Warner). *Id.* Rather, as the Opposition admits, trademark rights are territorial.

---

[7] While all six *E-Systems* factors favor laches here, courts commonly apply laches even when only some of the factors are satisfied. *See, e.g.*, *Pinkette*, 894 F.3d at 1028 (applying laches when "[a]t least four" factors were satisfied); *Grupo Gigante S.A. De C.V. v. Dallo & Co.*, 391 F.3d 1088, 1105 (9th Cir. 2004) (same).

Opp. at 11:7-11; Warner's Mtn at 22:7-17. Thus, conduct or lack thereof abroad has no bearing here.

Plaintiff barely even mentions the third factor, harm to the senior user if relief is denied.[8] And an allegation of a theoretical likelihood of confusion is not actual harm, especially when Plaintiff lacks U.S. trademark rights to assert. *See infra* Section III. Thus, factor three favors laches.

Furthermore, Plaintiff's trademark registration actions abroad *did not involve Warner*, only RPE. *See generally* Compl. Thus, the fourth factor of "good faith ignorance" also weighs in favor of Warner. Plaintiff's claims to the contrary are simply wrong.

The fifth factor of "competition" likewise weighs in Warner's favor. Plaintiff's Opposition appears to concede by failing to address how Plaintiff competes with *Warner*, rather than RPE's film financing services. Moreover, even if Plaintiff and RPE operated in the same part of the industry (they do not) and this could somehow be imputed to Warner, it still does not establish actual competition since Plaintiff releases niche German language films, while Warner releases English language international blockbuster films. Compl. ¶¶ 10, 11, 14. This distinction also reiterates that the third factor favors laches since there is no reasonable likelihood of confusion where the marks are used in separate contexts and involve *de minimis* non-trademark use of names in credits.

The last factor of "harm suffered by junior user because of senior user's delay" (e.g. prejudice) also weighs in Warner's favor as addressed above at Section II(B).

Therefore, on balance, the *E-Systems* factors weigh in favor of applying laches and this Court should dismiss Plaintiff's First and Second Claims as a matter of law.

### III.  PLAINTIFF LACKS PROTECTABLE U.S. TRADEMARK RIGHTS TO SUPPORT ITS FIRST AND SECOND CAUSES OF ACTION

#### A.  Plaintiff's Unregistered Mark Is Not Protectable in the U.S. Because It Is Merely Descriptive and Lacks Secondary Meaning

Plaintiff's Opposition also makes clear that it has not and cannot plausibly allege enforceable unregistered trademark rights in RAT PACK *in the U.S.* in 2023 to sustain Claims One and Two. To be protectable, a mark must be inherently distinctive or have secondary meaning. *Kendall-Jackson Winery, Ltd. V. E. & J. Gallo Winery*, 150 F.3d 1042, 1046-47 (9th Cir. 1998). And, "the prior user

---

[8] This is no accident. As Plaintiff knows, Warner's agreement with RPE's affiliate ended by 2019. *See Warner Bros. won't renew financing deal with Brett Ratner, cutting remaining ties with filmmaker*, LA Times, Apr. 11, 2018, https://www.latimes.com/business/hollywood/la-fi-ct-ratner-warner-financing-20180411-story.html. Discovery cannot shift this factor in Plaintiff's favor as possible future confusion is impossible since Warner's use ended.

must establish not only that at some date in the past it used the mark, but that such use has continued to the present. Such a continuous use implies something more than mere sporadic or *de minimis* sales." 2 McCarthy on Trademarks and Unfair Competition § 16:9 (5th ed.). Here, the Complaint admits that RAT PACK is descriptive of Plaintiff's film services and lacks sufficient allegations of continuous and non-sporadic/*de minimis* use *in the U.S.* Thus, without a registration or allegations of secondary meaning and continuous use, Plaintiff's U.S. trademark claims fail as a matter of law.

Plaintiff's argument that RAT PACK is *not* descriptive fails. "A term is merely descriptive if it immediately conveys knowledge of a quality, feature, function, or characteristic of the goods or services with which it is used." *In re Bayer Aktiengesellschaft*, 488 F.3d 960, 963 (Fed. Cir. 2007).[9] Whether a name is descriptive must be evaluated "in relation to . . . the context in which it is being used, and the possible significance that the term would have to the average purchaser of the goods", not on the abstract. *In re Chamber of Com.*, 675 F.3d 1297, 1300 (Fed. Cir. 2012) (citation omitted). Plaintiff already admitted that RAT PACK refers to the film industry and a famous group of Hollywood actors and was selected because this reference was "particularly apt for its [film] business." Compl. ¶ 12. Plaintiff's arguments that RAT PACK for Plaintiff's film services involves "multistage reasoning" by consumers to link the name to its services is wrong and cannot overcome these prior admissions. Opp. at 16:17-23. Instead, consistent with Plaintiff's intent, a consumer would understand that a company named "RAT PACK" is associated with the production of films.

The Complaint also fails to show that Plaintiff's name has secondary meaning *in the U.S. in 2023*, even though this is part of Plaintiff's burden to plausibly assert U.S. claims for an unregistered trademark. *Columbia Pictures Indus., Inc. v. Embassy Pictures*, No. CV 82-2376-Kn, 1982 WL 1274 (C.D. Cal. May 27, 1982). As noted above, Plaintiff failed to allege, as it must, continuous, non-sporadic/*de mimimis* consumer-facing use of its name in the U.S. through present day. *See* 2 McCarthy on Trademarks and Unfair Competition § 16:9 (5th ed.). Instead, the Opposition at best points to *general or global* allegations that Plaintiff produced over sixty-five films, has shown films

---

[9] Examples of descriptive marks include AGENTBEANS for "software", and APPLE PIE for "potpourri." *See In re Sun Microsystems, Inc.*, 59 U.S.P.Q.2d 1084, 2001 WL 461279 (T.T.A.B. 2001) (finding AGENTBEANS for software is descriptive because it denotes software with "beans", building blocks used to create software in Java, and having the properties of "agent" programs); *In re Gyulay*, 820 F.2d 1216, 1218 (Fed. Cir. 1987) (holding that APPLE PIE for potpourri was descriptive because "it conveys the key characteristic of the potpourri, its scent").

at least once year at American festivals since 2011, and released four films nationwide between 2009 through 2013. Opp. at 17:1-12. Even if true, the Complaint fails to allege *if or how* RAT PACK was used or featured *in the U.S.* (Plaintiff's general alleged presence is not enough), or that the works were popular or actually viewed by U.S. consumers.[10] Having singular screenings once a year in a single location for a few years is sporadic *de minimis* use that is insufficient to establish or maintain U.S. nationwide common law trademark rights. Accordingly, the First and Second Claims fail.

### B.    The Complaint Fails to Establish Likelihood of Confusion

Plaintiff's Opposition again muddies up the waters by conflating RPE with Warner, and Europe with the U.S., in a failing attempt to argue it plausibly alleged a likelihood of confusion for *U.S. consumers*. "Likelihood of confusion 'exists when customers viewing the mark would probably assume that the product or service it represents *is associated with the source* of a different product or service identified by a similar mark.'" *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 845 (9th Cir. 1987) (citation omitted). But the Complaint lacks specific allegations as to how *Warner's U.S.* conduct could result in confusion. Further, without any U.S. trademark rights, there can be no likelihood of confusion as a matter of law. *See supra* Section III.

## IV.    PLAINTIFF'S OPPOSITION FAILS TO ADDRESS THE UCL CLAIM

The Opposition fails to address Warner's arguments on the defects in Plaintiff's UCL claim, including failure to allege standing and expiration of the statute of limitations. *See* Warner's Motion at 24:25-26:26. Thus, through non-argument, Plaintiff concedes its UCL claim fails as a matter of law.

## V.    THE FOREIGN CLAIMS LACK SUBJECT MATTER JURISDICTION OR SHOULD BE DISMISSED FOR FORUM NON CONVENIENS

### A.    The Complaint and Opposition Do Not Establish Subject Matter Jurisdiction or a Basis for the Court to Invoke Supplemental Jurisdiction

Plaintiff's Opposition fails to establish subject matter jurisdiction. While Plaintiff now relies on diversity jurisdiction for the Foreign Claims,[11] facts to perfect that claim remain unpled. The

---

[10] *See generally* 15 U.S.C. § 1127 ("The term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark.").

[11] Plaintiff's meet and confer argument is a red herring. When the parties conferred on subject matter jurisdiction, *Plaintiff did not assert it was relying on diversity* for the Foreign Claims. Rather, Warner was left to guess and addressed diversity *in an abundance of caution* due to the Complaint's general inclusion of boilerplate diversity jurisdiction language, even though it was not tied to any specific claim or supported by the requisite facts. Compl. ¶ 6.

Opposition is silent on the settled case law that diversity cases involving LLCs and GmbHs require review of citizenship for each entity's owners and members. *See* Warner's Mot. at 26-27 (citing cases). Instead, Plaintiff attempted to cure its pleading defects by setting forth the alleged citizenship of Plaintiff's ownership in a *late filed* declaration. [ECF No. 43, Sept. 13, 2023 Decl.; *but see* ECF No. 41, Pls. Opp., Sept. 8, 2023]. But even with the untimely declaration, Plaintiff has not shown complete diversity as the citizenship of RPE's LLC members is not identified. If even one of RPE's members is an alien, then there is no diversity here as a matter of law. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990-91 (9th Cir. 1994) (finding no diversity jurisdiction on a motion to dismiss due to aliens on both sides). Without this key fact, Plaintiff cannot rely on diversity as a basis to litigate the far-flung Foreign Claims in a U.S. court.

Second, the Opposition's attempts to distinguish *Levi Strauss & Co. v. AmericanJeans.com, Inc.*, No. 5:10-cv-05340 JF (PSG), 2011WL 1361574 (N.D. Cal. Apr. 11, 2011) are unavailing. Plaintiff wrongly suggests the *Levi Strauss* court declined to exercise supplemental jurisdiction solely on how the U.S. infringement claims related to the European ones. *See* Opp. 18:18-20:10. Rather, the *Levi Strauss* court declined based on several factors, including the obligations of the U.S. under international treaties, comity, and judicial economy. 2011 WL 1361574, at *2-3; *see also* Warner's Mtn. at 28:1-29:14. By failing to address those compelling factors, Plaintiff concedes they apply. Thus, supplemental jurisdiction over the Foreign Claims should be denied.

### B.   The Opposition Fails to Rebut the Strong Basis for Dismissal of the Foreign Claims for *Forum Non Conveniens*

Plaintiff's *forum non conveniens* arguments rely on misrepresentations of the law and facts. First, Plaintiff *wrongly* argues that its chosen forum merits substantial deference, but this does not apply to a *foreign* plaintiff. *See Ravelo Monegro v. Rosa,* 211 F.3d 509, 513 (9th Cir. 2000); *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 (1981).[12] Plaintiff also admits it forum-shopped and filed the Foreign Claims here to gain an unfair advantage (e.g. avoiding obtaining judgements in the relevant countries and using international mechanisms to enforce them abroad), a fact that also warrants less deference. Compl. ¶ 24; Opp. at 21:13-18. Plus, Plaintiff wrongly asserts that LA "has

---

[12] Plaintiff misrepresents this standard by omitting language from *Piper Aircraft Co.,* 454 U.S. at 255, that states the presumption may be overcome "when the private and public interest factors clearly point towards trial in the alternative forum…. [and] that the presumption applies with less force when the plaintiff…are foreign." *See* Opp. at 20:-23.

2:23-cv-4790-MEMF-AS(x)                                - 9 -                       DEF. WARNER'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

a strong connection" to the Foreign Claims since those claims involve foreign conduct and consumer perceptions *abroad*. *Id.* at 21:23-24. Second, Plaintiff's Opposition does not dispute that the European countries provide adequate alternative forums for the Foreign Claims. Thus, the only issue remaining is the public and private factors, which the Opposition fails to establish in Plaintiff's favor.

Plaintiff's Opposition next dedicates a page to *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216 (9th Cir. 2011), but overlooks key distinguishing details and tellingly fails to apply that case to these facts. *See* Opp. at 22:1-26. *Carijano* included a *U.S. plaintiff*, who, with alien indigenous groups, sued a U.S. oil company for claims related to release of waste in Peru. *Id.* at 1222. In reversing dismissal for *forum non conveniens*, the *Carijano* court found that the lower court did not give sufficient deference to the *domestic* plaintiff's choice of forum. *Id.* at 1229. But here, Plaintiff is a *foreign* entity. Thus, as the *Carijano* court noted, the "strong presumption" is not applicable here. *Id.* at 1227 (noting that "[a] foreign plaintiff's choice is entitled to less deference").

Other than complain (wrongly) about the content of Warner's Motion,[13] Plaintiff does not independently analyze the public and private factors to show why they weigh in its favor. Plaintiff's Opposition only argues that it would not be "convenient" to have the case heard in four separate jurisdictions and that juries "routinely address" foreign topics. Opp. at 23:26-27. Yet, Plaintiff's own actions demonstrate that convenience is not an issue since it already brought actions against RPE in Denmark, the Netherlands, and Austria. Further, while juries may consider foreign issues, it is a stretch to say they "routinely" consider foreign trademark infringement claims based on three foreign countries' laws. Plaintiff does not even cite to one example of this happening. In summary, the less deferential standard and application of the public and private factors here all favor dismissal.[14]

## VI.    **CONCLUSION**

Defendant Warner respectfully requests that the Court grant its Motion and dismiss the Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and/or 12(b)(6) and for all the reasons set forth above and in the separate Motion to Dismiss filed by RPE.

---

[13] These factors were analyzed in detail over two pages in Warner's Motion. *See* Warner's Mtn. at 30-32. Plaintiff's assertion that Warner provided "little analysis" of these factors is incorrect. Opp. at 23.

[14] If the Court is inclined to deny Warner's motion for *forum non conveniens* grounds, Warner respectfully requests that the Court do so without prejudice to renew if discovery brings forth further evidence supporting dismissal.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: September 18, 2023                    **ARENTFOX SCHIFF LLP**


By:   */s/ Jessica B. Do*
LINDSAY KOROTKIN (*admitted pro hac vice*)
JESSICA B. DO

Attorneys for Defendant
WARNER BROS. ENTERTAINMENT INC.